<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| CALVIN TAYLOR STEVENS,<br><br>                    Plaintiff,<br><br>          v.<br><br>NEW JERSEY MOTOR VEHICLE<br>COMMISSION,<br><br>                    Defendant. | Civil Action No. 24-06289 (GC) (RLS)<br><br>**MEMORANDUM ORDER** |

<u>**CASTNER, United States District Judge**</u>

This matter comes before the Court on pro se Plaintiff Calvin T. Stevens's Application to Proceed *In Forma Pauperis* (IFP) together with Stevens's complaint against Defendants New Jersey Motor Vehicle Commission (NJMVC) and its "commissioner" and "director." (ECF No. 1 at 4.)  For the reasons set forth below, and other good cause shown, Stevens's complaint is **DISMISSED** without prejudice.

**I.      BACKGROUND**

Stevens alleges that over twenty years ago, while driving with "a New Jersey State driving permit," he incurred "driving infractions" that led to a period of confinement and a $10,000 "insurance surcharge."  (*Id.* at 9-11.)  In addition, Stevens's "driving privileges were suspended . . . [without] a deprivation hearing" and are "still suspended" to this day. (*Id.*)  As a result, Stevens "has never held a New Jersey [driver's] license."  (*Id.* at 11.)  According to Stevens, the fact that the NJMVC "has never afforded [Stevens] any form of a hearing on his . . . ability to secure a valid New Jersey license" constitutes a violation of his due process and equal protection rights under

the United States Constitution that "has been occurring for 22 years." (*Id.* at 5, 8, 11.)  Stevens brings claims against the NJMVC and its "commissioner" and "director" under 42 U.S.C. §§ 1981, 1983, 1985, 1986, and the New Jersey Civil Rights Act. (*Id.* at 2.)  He seeks injunctive relief that would permit him to acquire and retain a valid driver's license. (*Id.* at 18-19.)

## II.   LEGAL STANDARD

### A.   IFP Applications

To proceed *in forma pauperis* under 28 U.S.C. § 1915(a), a plaintiff must file an affidavit that states all income and assets, inability to pay the filing fee, the "nature of the action," and the "belief that the [plaintiff] is entitled to redress."  28 U.S.C. § 1915(a)(1); *Glenn v. Hayman*, Civ. No. 07-112, 2007 WL 432974, at *7 (D.N.J. Jan. 30, 2007).  "In making such an application, a plaintiff must state the facts concerning his or her poverty with some degree of particularity, definiteness or certainty."  *Keefe v. NJ Dep't of Corr.*, Civ. No. 18-7597, 2018 WL 2994413, at *1 (D.N.J. June 14, 2018) (quoting *Simon v. Mercer Cnty. Cmty. Coll.*, Civ. No. 10-5505, 2011 WL 551196, at *1 (D.N.J. Feb. 9, 2011)).

### B.   Review Pursuant to 28 U.S.C. § 1915(e)

To guard against potential "abuse" of "cost-free access to the federal courts," 28 U.S.C. § 1915(e) empowers district courts to dismiss an IFP complaint if, among other things, the action is frivolous or malicious, or if it fails to comply with the proper pleading standards.  *See Deutsch v. United States*, 67 F.3d 1080, 1084 (3d Cir. 1995).  Indeed, the Court must dismiss any claim, prior to service, that fails to state a claim for which relief may be granted under Federal Rule of Civil Procedure 12(b)(6).  *See* 28 U.S.C. § 1915(e)(2)(B); *see also Martin v. U.S. Dep't of Homeland Sec.*, Civ. No. 17-3129, 2017 WL 3783702, at *1 (D.N.J. Aug. 30, 2017) ("Federal law requires this Court to screen Plaintiff's Complaint for *sua sponte* dismissal prior to service, and to dismiss

any claim if that claim fails to state a claim upon which relief may be granted under Fed. R. Civ. P. 12(b)(6).").

Although courts construe pro se pleadings less stringently than formal pleadings drafted by attorneys, pro se litigants are still required to "allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (citation omitted). "[A] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

### C.     Pleading Requirements—Rule 8

Rule 8 sets forth general rules of pleading and requires (1) "a short and plain statement of the grounds for the court's jurisdiction," (2) "a short and plain statement of the claim showing that the pleader is entitled to relief," and (3) allegations that are "simple, concise, and direct." Fed. R. Civ. P. 8(a)(1), (a)(2), (d). The allegations in the complaint must not be "so undeveloped that [they do] not provide a defendant the type of notice of claim which is contemplated by Rule 8." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008). Even pro se litigants must "comply with the basic pleading requirements of Rule 8(a)." *Purisma v. City of Philadelphia*, 738 F. App'x 106, 107 (3d Cir. 2018).

3

III.   **DISCUSSION**

The Court exercises its discretion to review the merits of Stevens's complaint before it decides the IFP application.  *See Brown v. Sage*, 941 F.3d 655, 660 (3d Cir. 2019) ("[A] court has the authority to dismiss a case 'at any time,' 28 U.S.C. § 1915(e)(2), regardless of the status of a filing fee; that is, a court has the discretion to consider the merits of a case and evaluate an IFP application in either order or even simultaneously."); *see also Schwager v. Norristown State Hosp.*, Civ. No. 23-3866, 2023 WL 8458236, at *2 (E.D. Pa. Dec. 5, 2023) (screening the complaint before addressing the IFP application).

First, Stevens's claims against the NJMVC are barred by the doctrine of sovereign immunity under the Eleventh Amendment to the United States Constitution.  The Eleventh Amendment precludes a plaintiff from asserting constitutional claims against "arms of the state," and the NJMVC is an "arm of the state."  *See Mouzone v. New Jersey Motor Vehicle Comm'n*, Civ. No. 22-2886, 2023 WL 5624184, at *1 (3d Cir. Aug. 31, 2023) (citing *In re PennEast Pipeline Co.*, 938 F.3d 96, 101 n.3 (3d Cir. 2019) (indicating that the NJMVC is an arm of the state), *reversed and remanded on other grounds sub nom. PennEast Pipeline Co. v. New Jersey*, 594 U.S. 482 (2021)).  Thus, Stevens's claims against the NJMVC cannot proceed.

An exception to Eleventh Amendment sovereign immunity allows plaintiffs to seek prospective declaratory or injunctive relief against individual state officers to end ongoing violations of federal law.  *Garden State Elec. Inspection Servs. Inc. v. Levin*, 144 Fed. App'x 247, 252 (3d Cir. 2005).  Thus, Stevens's claims against the NJMVC's "commissioner" and "director" in their official capacities may not be barred by the Eleventh Amendment to the extent that Stevens seeks injunctive relief to cure constitutional violations that he alleges have "been occurring for 22 years."  (ECF No. 1 at 5.)  *See Pascarella v. Swift Trans. Co., Inc.*, 643 F. Supp. 2d 639, 648

4

(D.N.J. 2009) (finding that a claim against an NJMVC official seeking to reinstate a driver's license sought "the type of injunctive, forward-looking relief" that is permissible under the Eleventh Amendment).

But a pro se complaint must still comply with Federal Rule of Civil Procedure 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief," "giv[ing] the defendant fair notice of what the claim is and the grounds upon which it rests," *Piecknick v. Commonwealth of Pa.*, 36 F.3d 1250, 1255 n.7 (3d Cir. 1994); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Here, Stevens has not alleged adequate facts establishing violations of his due process rights. "[O]nce a license is bestowed, a person has a real property interest in the license that cannot be taken away without due process." *Pascarella*, 643 F. Supp. 2d at 650 (citations omitted). But "there is no right to receive a driver's license," and Stevens is clear that he "has never held a New Jersey [driver's] license." *Id.* (ECF No. 1 at 11.) And to the extent that the NJMVC's suspension of Stevens's driving privileges can constitute a due process violation, Stevens's complaint does not meet Rule 8's federal pleading requirements. New Jersey law has established procedures governing driver's license revocations, including requests for administrative review and contested hearings. *See Pascarella*, 643 F. Supp. 2d at 645-46, 650-51 (citing N.J. Admin. Code §§ 13:19-1.1 to -1.13). Stevens has not alleged that he attempted to avail himself of the review process, nor does he allege that Defendants denied him a pre-deprivation hearing upon his request. Stevens's allegation that the NJMVC "has never afforded [Stevens] any form of a hearing" alone is insufficient. *See id.* at 652-654 (rejecting plaintiff's due process claim "that he was given both insufficient notice and no opportunity to be heard" before the NJMVC revoked his commercial driver's license because "remedies were made available to him and he did not pursue them").

Finally, although Stevens alleges that he is a member of a racial minority group, Stevens does not allege any facts demonstrating that Defendants discriminated against him on the basis of race. *See Bridgeforth v. Am. Educ. Services*, 412 F. App'x 433, 435 (3d Cir. 2011) (affirming a district court's dismissal of a plaintiff's § 1981 claim "generally alleg[ing] 'race discrimination'" because "merely reciting an element of a cause of action or making a bare conclusory statement is insufficient"); *Lake v. Arnold*, 112 F.3d 682, 685 (3d Cir. 1997) (noting that a claim under § 1985(3) requires a plaintiff to allege a "conspiracy . . . motivated by a racial or class based discriminatory animus" and "an act in furtherance of the conspiracy"); *Gary v. Pa. Human Relations Comm'n*, 497 Fed. App'x 223, 227 (3d Cir. 2012) ("Absent a valid § 1985(3) claim, [the] claim under 42 U.S.C. § 1986 fails, as liability under that statute is predicated on actual knowledge of a § 1985 violation." (citations omitted)). Accordingly, Stevens's asserted violations of §§ 1981, 1985, 1986, and his equal protection rights cannot proceed.

## IV.   CONCLUSION

For the foregoing reasons, and other good cause shown,

**IT IS** on this 8th day of July 2024 **ORDERED** as follows:

1. Stevens's complaint (ECF No. 1) is **DISMISSED** without prejudice.

2. Stevens may file an amended complaint to reopen the case within thirty (30) days to the extent he can cure the deficiencies identified herein.

3. The Clerk's Office is directed to mail Stevens a copy of this Memorandum Order and **CLOSE** this case.

GEORGETTE CASTNER
UNITED STATES DISTRICT JUDGE