<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CALVIN TAYLOR STEVENS,<br><br>    Plaintiff,<br><br> v.<br><br>NEW JERSEY MOTOR VEHICLE COMMISSION, *et al.*,<br><br>    Defendants. | Civil Action No. 24-06289 (GC) (RLS)<br><br><u>**MEMORANDUM OPINION**</u> |

<u>**CASTNER, District Judge**</u>

**THIS MATTER** comes before the Court upon *pro se* Plaintiff Calvin T. Stevens's Application to Proceed *In Forma Pauperis* (IFP) together with Plaintiff's First Amended Complaint (FAC) against the "commissioner," "chief administrator," "director," and fictitious "employees, officers, and agents" of the New Jersey Motor Vehicle Commission (NJMVC).[1] (ECF No. 4 at 8-9.[2]) For the reasons set forth below, and other good cause shown, Plaintiff's FAC is **DISMISSED** without prejudice.

**I. BACKGROUND**

In Plaintiff's initial Complaint, which he incorporates by reference in the FAC,[3] Plaintiff alleges that over twenty years ago, while driving with "a New Jersey State driving permit," he

---

[1] Plaintiff's initial Complaint also named the NJMVC, but the Court held that the NJMVC is immune under the Eleventh Amendment. (*See* ECF No. 3 at 4.)

[2] Page numbers for record cites (*i.e.*, "ECF Nos.") refer to the page numbers stamped by the Court's e-filing system and not the internal pagination of the parties.

[3] The Court may properly consider both pleadings. *See Boyd v. Arizona*, Civ. No. 08-4521, 2010 WL 376665, at *1 (D.N.J. Jan. 26, 2010), *aff'd*, 469 F. App'x 92 (3d Cir. 2012) ("[The

incurred "driving infractions" that led to a period of confinement and a $10,000 "insurance surcharge." (ECF No. 1 at 9-11.) In addition, Plaintiff alleges that his "driving privileges were suspended . . . [without] a deprivation hearing" and are "still suspended." (*Id.*) As a result, Plaintiff "has never held a New Jersey [driver's] license." (*Id.* at 11.) According to Plaintiff, the NJMVC "has never afforded [him] any form of a hearing on his . . . ability to secure a valid New Jersey license," and therefore violated his due process and equal protection rights under the United States Constitution "for 22 years." (*Id.* at 5, 8, 11.)

The Court previously dismissed Plaintiff's claims brought under 42 U.S.C. §§ 1981, 1983, 1985, 1986, and the New Jersey Civil Rights Act (NJCRA). (ECF No. 3 at 4-6.) In its Memorandum Order dismissing Plaintiff's Complaint, the Court determined that Plaintiff had not alleged sufficient facts to state a violation of his due process rights. (*See id.*) The Court explained that an individual's due process right in a driver's license only arises once a license is received, and that because Plaintiff clearly stated in his Complaint that he has never held a license, the NJMVC did not infringe upon Plaintiff's due process rights. (*Id.* at 5.) Moreover, the Court held that, to the extent the suspension of Plaintiff's driving privileges implicated Plaintiff's due process rights, Plaintiff's reference to never being afforded a hearing was insufficient to meet Rule 8's pleading standard. (*Id.*) Finally, the Court found that Plaintiff's allegations about being a member of a racial minority group were insufficient to plead any civil rights violations because Plaintiff did "not allege any facts demonstrating that Defendants discriminated against him on the basis of race." (*Id.* at 6.)

---

plaintiff] filed a complaint and then an amended complaint, but because the amended complaint incorporates the original complaint by reference and given [the p]laintiff's *pro se* status, both will be considered here.").

On July 19, 2024, Plaintiff filed his FAC (ECF No. 4).  The FAC includes some additional allegations aimed at addressing the deficiencies outlined in the Court's prior dismissal.  In terms of Plaintiff being denied a hearing on the loss of his driving privileges, Plaintiff now alleges that he has "reached out to these individuals to secure a hearing involving the deprivation of [his] driving ability.  Defendant[s][,] through letters[,] affirmed to Plaintiff that a hearing can not be setup at th[e] present moment or in the future. . . ."  (ECF No. 4-1 at 2.)  In terms of his allegations of racial discrimination, Plaintiff alleges that there have been "numerous incidences where Plaintiff contacted the Defendant[s] at the New Jersey Motor Vehicle Commission where various individuals made statements of race, cultural insensitivity or bias remarks," and that "Plaintiff called [D]efendant[s] back to complain to an individual of superior status and received no assistance."  (ECF No. 4-1 at 2.)

As in his initial Complaint, Plaintiff brings claims for due process and equal protection violations under 42 U.S.C. §§ 1983, 1985, 1986, and the NJCRA.[4]  (ECF No. 4 at 2.)  Plaintiff also brings claims for violations of 18 U.S.C. §§ 241 and 242.[5]  Further, Plaintiff requests injunctive relief to obtain a driver's license and a "work license," to have a hearing on the suspension of his driving privileges, and for the Court to review the policies and procedures of the NJMVC which led to the suspension of Plaintiff's driving privileges.  (ECF No. 4 at 7.)

---

[4]     The Court does not separately address Plaintiff's NJCRA claim because "[t]he analysis of claims under the NJCRA is identical to its federal counterpart: Section 1983." *Tucker v. City of Philadelphia*, 679 F. Supp. 3d 127, 137 (D.N.J. 2023).

[5]     Plaintiff's §§ 241 and 242 claims must be dismissed because §§ 241 and 242 are criminal statutes with no private right of action.  *See Scheufler v. Mitchell*, Civ. No. 23-21030, 2024 WL 4696158, at *5 (D.N.J. Nov. 6, 2024) (collecting cases).

## II.   LEGAL STANDARD

### A.   IFP Applications

To proceed *in forma pauperis* under 28 U.S.C. § 1915(a), a plaintiff must file an affidavit that states all income and assets, inability to pay the filing fee, the "nature of the action," and the "belief that the [plaintiff] is entitled to redress." 28 U.S.C. § 1915(a)(1); *Glenn v. Hayman*, Civ. No. 07-112, 2007 WL 432974, at *7 (D.N.J. Jan. 30, 2007). "In making such an application, a plaintiff must state the facts concerning his or her poverty with some degree of particularity, definiteness or certainty." *Keefe v. N.J. Dep't of Corr.*, Civ. No. 18-7597, 2018 WL 2994413, at *1 (D.N.J. June 14, 2018) (quoting *Simon v. Mercer Cnty. Cmty. Coll.*, Civ. No. 10-5505, 2011 WL 551196, at *1 (D.N.J. Feb. 9, 2011)).

### B.   Review Pursuant to 28 U.S.C. § 1915(e)

To guard against potential "abuse" of "cost-free access to the federal courts," 28 U.S.C. § 1915(e) empowers district courts to dismiss an IFP complaint if, among other things, the action is frivolous or malicious, or if it fails to comply with the proper pleading standards. *See Deutsch v. United States*, 67 F.3d 1080, 1084 (3d Cir. 1995). Indeed, the Court must dismiss any claim, prior to service, that fails to state a claim for which relief may be granted under Federal Rule of Civil Procedure 12(b)(6). *See* 28 U.S.C. § 1915(e)(2)(B); *see also Martin v. U.S. Dep't of Homeland Sec.*, Civ. No. 17-3129, 2017 WL 3783702, at *1 (D.N.J. Aug. 30, 2017) ("Federal law requires this Court to screen Plaintiff's Complaint for *sua sponte* dismissal prior to service, and to dismiss any claim if that claim fails to state a claim upon which relief may be granted under Fed. R. Civ. P. 12(b)(6).").

Although courts construe pro se pleadings less stringently than formal pleadings drafted by attorneys, pro se litigants are still required to "allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

4

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (citation omitted). "[A] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

### III.    DISCUSSION

The Court exercises its discretion to review the merits of Plaintiff's FAC before it decides the IFP application. *See Brown v. Sage*, 941 F.3d 655, 660 (3d Cir. 2019) ("[A] court has the authority to dismiss a case 'at any time,' 28 U.S.C. § 1915(e)(2), regardless of the status of a filing fee; that is, a court has the discretion to consider the merits of a case and evaluate an IFP application in either order or even simultaneously."); *see also Schwager v. Norristown State Hosp.*, Civ. No. 23-3866, 2023 WL 8458236, at *2 (E.D. Pa. Dec. 5, 2023) (screening the complaint before addressing the IFP application).

Based on the Court's review, the FAC must be dismissed for the same reasons set forth in the Court's previous Memorandum Order dismissing Plaintiff's initial Complaint. (ECF No. 3.) As the Court previously ruled, "there is no right to receive a driver's license," but "once a license is bestowed, a person has a real property interest in the license that cannot be taken away without due process." *Pascarella v. Swift Transp. Co.*, 643 F. Supp. 2d 639, 649 (D.N.J. 2009). (*See also* ECF No. 3 at 5.) Consistent with Plaintiff's initial Complaint, the FAC makes clear that Plaintiff never received a driver's license. (*See* ECF No. 4-1 at 3 ("Plaintiff for 22 [years] has been injured in the ability to apply for a New Jersey driver's license. . . ."); (ECF No. 1 at 9-10 ("In Plaintiff['s] lifetime of 40 [years], he has only been able to secure a valid permit to drive as a 16 or 17 [year]

old").)  Thus, Plaintiff has not stated a claim for a violation of his due process rights based on Defendants' alleged failure to grant him a driver's license.

In its prior Memorandum Order, the Court held that, to the extent the suspension of Plaintiff's driving privileges could implicate his due process rights, Plaintiff had "not alleged that he attempted to avail himself of the review process" or that "Defendants denied him a pre-deprivation hearing upon his request."  (ECF No. 3 at 5.)  The New Jersey Administrative Code governs "cases involving denial, revocation, suspensions or refusal to renew licenses, examination permits, special learner's permits, . . . or driving privileges[.]"  N.J. Admin Code § 13:19-1.1.  In terms of notice and hearing requirements, New Jersey law provides that "[t]he proposed action to be taken against any licensee by the Commission shall become effective on the date set forth in the notice except when otherwise specified, *unless the licensee or his or her attorney shall make a request, in writing, for a hearing within 25 days from the date of notice*."  *Id.* § 13:19-1.2 (emphasis added).[6]  Plaintiff alleges that his driving privileges were suspended 22 years ago.  (*See* ECF No. 4 at 6.)  Plaintiff does not allege that he attempted to avail himself of a hearing then[7] (*e.g.*, by requesting a hearing within 25 days of receiving notice of the proposed action to be taken against him) or that he has since been denied driving privileges to trigger his right to a hearing.  *See Pascarella*, 643 F. Supp. 2d at 650 (finding no due process violation based on the revocation of the plaintiff's commercial driver's license, reasoning that "New Jersey law has established a process for pre-deprivation review . . . but [the p]laintiff and the proposed class members have not

---

[6]     The provision of the New Jersey Administrative Code in effect at the time Plaintiff's driving privileges were suspended—which appears to be in or around 2002 based on his allegation that the violation has been ongoing for 22 years (*see* ECF No. 4-1 at 3)—includes the same requirement.

[7]     The Court also notes that a § 1983 claim arising in New Jersey has a two-year statute of limitations.  *Dique v. N.J. State Police*, 603 F.3d 181, 185 (3d Cir. 2010).

alleged that they sought review through this procedure and were denied.  Nor do they challenge these procedures as inadequate.").  Accordingly, Plaintiff's § 1983 due process claim must be dismissed.

Finally, the FAC does not state a claim for violations of §§ 1981, 1985, or 1986.  The Court dismissed Plaintiff's §§ 1981, 1985, and 1986 claims in his initial Complaint because, although Plaintiff "allege[d] that he is a member of a racial minority group," he did "not allege any facts demonstrating that Defendants discriminated against him on the basis of race."  (ECF No. 3 at 6.)  In his FAC, Plaintiff alleges that there have been "numerous incidences where Plaintiff contacted the Defendant[s] at the New Jersey Motor Vehicle Commission where various individuals made statements of race, cultural insensitivity or bias remarks. . . ."  (ECF No. 4-1 at 2.)  Plaintiff further asserts that he "called [D]efendant[s] back to complain to an individual of superior status and received no assistance."  (*Id.*)  Finally, Plaintiff alleges that Defendants "enforced racist, bias[ed][,] and unconstitutional suspension of Plaintiff's driving privileges in a racist conspiracy to keep Plaintiff stuck in a close[d] in area so that he will commit crime, so that the forces that be can lock Plaintiff up due to his [in]ability to [] exercise his right to movement."  (ECF No. 4-1 at 5.)

Although Plaintiff expands on his allegations of racial discrimination in the FAC, Plaintiff's discrimination claims still cannot proceed.  Plaintiff makes only conclusory or vague allegations about racial animus, which are insufficient to state a claim under §§ 1981,[8] 1985, or 1986.  *See Bridgeforth v. Am. Educ. Services*, 412 F. App'x 433, 435 (3d Cir. 2011) (affirming a district court's

---

[8]   Section 1981 itself does not create a private right of action, so any violation of § 1981 alleged by Plaintiff would only be actionable under § 1983.  *See Harley v. City of New Jersey City*, Civ. No. 16-5135, 2017 WL 2779466, at *4 (D.N.J. June 27, 2017) ("Since no implied private right of action exists against state actors under 42 U.S.C. § 1981, [the p]laintiff is required to plead his claim pursuant to Section 1983." (quoting *McGovern v. City of Phila.*, 554 F.3d 114, 122 (3d Cir. 2009) (internal quotation marks omitted))).

dismissal of a plaintiff's § 1981 claim "generally alleg[ing] 'race discrimination'" because "merely reciting an element of a cause of action or making a bare conclusory statement is insufficient"); *Lake v. Arnold*, 112 F.3d 682, 685 (3d Cir. 1997) (noting that a claim under § 1985(3) requires a plaintiff to allege a "conspiracy . . . motivated by a racial or class based discriminatory animus" and "an act in furtherance of the conspiracy"); *Gary v. Pa. Human Relations Comm'n*, 497 F. App'x 223, 227 (3d Cir. 2012) ("Absent a valid § 1985(3) claim, [the] claim under 42 U.S.C. § 1986 fails, as liability under that statute is predicated on actual knowledge of a § 1985 violation," (citations omitted)).

Simply put, Plaintiff's FAC does not include sufficient factual detail to allow this Court to determine that Plaintiff's § 1981 claim is plausible. *See Harrison v. N.J. State Police*, Civ. No. 18-16358, 2023 WL 2327172, at *5 (D.N.J. Mar. 2, 2023) (holding that an allegation that the defendants "displayed a clear racial bias, discriminatory conduct, and employed intimidating tactics against" the plaintiff was "grossly insufficient to sustain a claim of racial discrimination" under §§ 1981 and 1983) (internal quotation marks omitted); *Flagg v. Control Data*, 806 F. Supp. 1218, 1223 (E.D. Pa. 1992), *aff'd*, 998 F.2d 1002 (3d Cir. 1993) ("Conclusory allegations of generalized racial bias do not establish discriminatory intent" under § 1981).

Along similar lines, the FAC does not plausibly allege that Defendants participated in a racially motivated conspiracy in violation of §§ 1985 and 1986. *See Harley v. City of New Jersey City*, Civ. No. 16-5135, 2017 WL 2779466, at *11 (D.N.J. June 27, 2017) ("[M]ere conclusory allegations that a conspiracy exists [under § 1985] will not survive a motion to dismiss. . . . Instead, a plaintiff must set forth allegations that address the period of the conspiracy, the object of the conspiracy, and the certain actions of the alleged conspirators taken to achieve that purpose.") (quotation marks and citations and omitted); *see also Rogin v. Bensalem Twp.*, 616 F.2d

680, 696 (3d Cir. 1980) ("Because transgressions of [§] 1986 by definition depend on a preexisting violation of [§]1985, if the claimant does not set forth a cause of action under the latter, its claim under the former necessarily must fail also.").

Accordingly, Plaintiff's asserted violations of §§ 1981, 1983, 1985, 1986, the NJCRA, and his equal protection rights cannot proceed.

## IV.  CONCLUSION

For the foregoing reasons, and other good cause shown, Plaintiff's FAC is **DISMISSED** without prejudice. Plaintiff is granted thirty (30) days to file a second amended complaint to the extent Plaintiff can cure the deficiencies outlined herein. An appropriate Order follows.

Dated: March 17, 2025

*[signature]*

GEORGETTE CASTNER
UNITED STATES DISTRICT JUDGE